UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMY McGILLEN, and<br>JOHN McGILLEN,<br><br>    Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., and<br>JAMIE DIMON,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 19-10336-LTS |

ORDER ON MOTION TO REMAND (DOC. NO. 20)

June 27, 2019

SOROKIN, J.

In January 2019, the plaintiffs, John and Amy McGillen, filed a complaint in Barnstable County Superior Court naming as defendants JP Morgan Chase Bank ("Chase") and Jamie Dimon, the CEO of Chase.[1] Doc. No. 1-3. The defendants timely removed the matter, invoking this Court's diversity jurisdiction. Doc. No. 1. In the notice of removal, the defendants highlight the allegations in the complaint that both plaintiffs are residents of Massachusetts and provide additional facts to show that Chase is a citizen of Ohio. Id. at 2.

On March 8, 2019, the defendants filed a motion to dismiss under Rule 12(b)(6). Doc. No. 8. On March 29, 2019, having received no opposition from the plaintiffs, the Court ordered

---

[1] At various points in the proceedings before this Court, the plaintiffs have referred to CNS Mortgage and Bob Mitchell as "defendants." See Doc. No. 20 at 1. However, on the state court complaint, the plaintiffs named only Chase and Jamie Dimon. Doc. No. 1-3. Accordingly, this Court disregards for purposes of determining jurisdiction any references to CNS Mortgage and Bob Mitchell, as they have never been named defendants in this action.

the plaintiffs to file an opposition to the pending motion to dismiss within fourteen days, warning that failure to do so would result in their complaint being dismissed with prejudice for failure to prosecute. Doc. No. 13. This Order was mailed to the plaintiffs, who are pro se. Id. On April 12, 2019, fourteen days from the date of the Court's order, the plaintiffs filed a letter stating that they "give notice that they appeal the Motion to Dismiss." Doc. No. 16 at 1. They included with the letter a number of documents which they allege were forged, though no further explanation is provided. Id. Though the plaintiff's letter stated that they were appealing the motion to dismiss, as of the date the letter was received, no ruling had been made on that motion.[2] To date, the plaintiffs have filed no opposition to the motion to dismiss.

On April 26, 2019, the plaintiffs filed a motion to remand to state court, alleging that the Court does not have subject matter jurisdiction because there is not complete diversity among the parties. Doc. No. 20. In support of their motion, the plaintiffs state that the domicile of defendant Jamie Dimon is unknown. Id. The defendants opposed the motion to remand, asserting that Mr. Dimon is not domiciled in Massachusetts and that in any event, he was fraudulently joined. Doc. No. 21.

"Under the removal statute, a defendant in a state court action may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009) (citing 28 U.S.C. § 1441). "The party invoking federal jurisdiction bears the burden to establish standing." McInnis-Misenor v. Maine Med. Ctr., 319 F.3d 63, 67 (1st Cir. 2003). In this case, the defendants filed a

---

[2] The Court issued an order after receiving the plaintiffs' letter, in part addressing the possible interpretation of the letter as a motion for reconsideration. Doc. No. 17. As no ruling had at that time been made on the pending motion to dismiss, there was nothing to reconsider. Accordingly, that part of the Court's April 16, 2019 Order is VACATED.

notice of removal wherein they relied on the plaintiffs' complaint to determine that the plaintiffs are citizens of Massachusetts, and they provided documentation demonstrating that Chase is a citizen of Ohio. Doc. No. 1 at 2. The plaintiffs' motion to remand raises the question of where Mr. Dimon is domiciled because neither the complaint nor the notice of removal pled facts specific to him.

The Court finds that diversity exists among the parties because it concludes that Mr. Dimon was fraudulently joined. "[U]nder the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014). The plaintiffs' complaint barely makes mention of Mr. Dimon; the only place in which his name appears (though misspelled), other than being listed as a defendant, is in paragraph 3 of the complaint which reads "Chase Bank owned the mortgage from April 6th, 2007 to August 4th, 2017 CEO James Diamond." Doc. No. 1-3 at 4. At no other point does the complaint reference Mr. Dimon either directly or indirectly. The plaintiffs' complaint alleges no facts from which this Court could conclude that Mr. Dimon directed any of the harm which the plaintiffs allege, and a corporate officer generally is not liable under Massachusetts law for the contract obligations of the corporation. See Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 11 (1st Cir. 1986) ("Under Massachusetts law, a high corporate officer may be personally liable for the torts a corporation commits at his direction. But, the officer ordinarily is not liable for the corporation's breach of contract."). Thus, even if the Court were to find that Mr. Dimon was a non-diverse defendant, "there is no reasonable possibility that [Massachusetts's] highest court would find that the complaint states a

cause of action upon which relief may be granted against" him. Universal Truck & Equip. Co, 765 F.3d at 108. Accordingly, the claims against Mr. Dimon are DISMISSED.[3]

Therefore, the only remaining defendant is Chase, who is a citizen of Ohio, according to the notice of removal. Doc. No. 1-3 at 2. As the plaintiffs are both citizens of Massachusetts, complete diversity exists, and this Court has subject matter jurisdiction over this action. For these reasons, removal was appropriate under the Court's diversity jurisdiction, and the motion for remand, Doc. No. 20, is DENIED.

The motion to dismiss, Doc. No. 8, remains pending. To date, the plaintiffs have not opposed and the Court has not ruled on that motion. **The Court hereby orders the plaintiffs to file a response to the motion to dismiss within fourteen days of the date of this Order.** If the plaintiffs respond to the motion to dismiss, the Court will consider the motion on the merits. If the plaintiffs do not respond, they face granting of the motion to dismiss as unopposed and dismissal of their complaint. The Clerk shall mail a copy of this Order both by certified mail and by first class mail, postage prepaid.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[3] Even if Mr. Dimon was not fraudulently joined, remand would still be denied. As the party invoking this Court's subject matter jurisdiction, Chase bears the burden to prove that complete diversity exists. Though the record does not conclusively establish Mr. Dimon's state of domicile, it does show that he is the CEO of a company headquartered in New York and incorporated in Ohio. Additionally, each of the certified mail receipts addressed to Mr. Dimon bear either a New York City address or a Columbus, Ohio address. Accordingly, there is no evidence upon which the Court could conclude that Mr. Dimon is a citizen of Massachusetts, which is the only way diversity jurisdiction would be defeated in this case.